UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MICHAEL CHARLES JOHNSON, JR.          CIVIL ACTION NO. 25-0163

                                       SECTION P

VS.

                                       JUDGE TERRY A. DOUGHTY

LARRY D. JEFFERSON, ET AL.            MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Plaintiff Michael Charles Johnson, Jr., who proceeds pro se, filed this proceeding on approximately February 7, 2025.  He names the following defendants: Judge Larry D. Jefferson, Clerk of Court Dana Benson, District Attorney Robert S. Tew, Assistant District Attorney Stephen Dillion, Clerk of Court Marta Strickland, Clerk of Court Gail Morris, Clerk of Court Jennifer Bell, Clerk of Court Robin Bowman, Deputy Sheriff Tahji Brown, Deputy Sheriff Sean Harris, Clerk of Court Kara Rogers, Deputy Sheriff Felicia Hambu, Assistant District Attorney Scott Monroe, Assistant District Attorney Holly Chambers, Assistant District Attorney Ricky Smith, Assistant District Attorney Nicholas Anderson, Assistant Attorney General Darwin Miller, Clerk of Court Kimberly Gilmore, Zoraida Salinas, Sheriff Jay Russell, Sergeant Michael Linton, and Sheriff Marc Mashaw.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Titled, "COMPLAINT DEFAULT JUDGMENT IN ADMIRALTY," Plaintiff's pleading amounts to a request for a default judgment to be entered in state court against defendants on

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

grounds that they allegedly failed to respond to his state court petition, which Plaintiff states he properly served.  [doc. # 1, pp. 4-8].  He writes, "All Defendants have had the Administrative Process completed and entered into the public record and a true bill has been presented for damages."  *Id.* at 10.  He proposes that this Court order the following: "default judgment is hereby entered, and the injunctive relief sought in the claim is awarded to Petitioner."  *Id.* at 8.

Plaintiff's first filing here appears to be his proposed default judgment, intermingled with his allegations from his state court civil pleading.  [doc. # 1, p. 8].  In the filing, Plaintiff seems to recount the background behind his state court civil suit, stating that it began when Officer Brazzel stopped his vehicle on December 18, 2021, allegedly for speeding.  [doc. # 1, pp. 8-9].  After he refused to exit his vehicle as officers commanded, Officer Linton "busted the window on Plaintiff[']s conveyance with his bare hands and Plaintiff was forcibly removed and thrown to the ground by two patrolmen . . . ."  *Id.*  Plaintiff was then "handcuffed and was placed in [a] patrol car while his conveyance was searched" without his consent.  *Id.* at 9.  An officer purportedly found drug paraphernalia in Plaintiff's vehicle.  *Id.*

In March 2022, Plaintiff appeared in state court before Judge Larry D. Jefferson, who allegedly entered a plea on Plaintiff's behalf.  [doc. # 1, p. 9].  Plaintiff states that over the course of 4-5 more court appearances, Officer Brazzel entered falsified evidence into evidence, Judge Jefferson "attempted to force" attorneys "onto Plaintiff[,]" which Plaintiff refused "claiming sui juris[,]" Judge Jefferson held Plaintiff in contempt four times, and he was not afforded an opportunity to be heard before he was jailed for contempt.  *Id.* at 9-10.

Appearing to recount the relief he seeks (or sought) in state court, Plaintiff writes that he sought monetary relief "payable in gold and silver" and the dismissal of four criminal cases against him.  [doc. # 1, pp. 10-11, 13].

On approximately March 11, 2025, Plaintiff filed a "Request for Summons and Order to Show Cause[,]" which this Court denied. [doc. #s 4, 8]. The Court also construed the filing as an amended pleading. While Plaintiff reiterates much of his initial pleading in the ostensible amended complaint, the filing is more akin to a series of discovery requests (in addition to the motion for summons and show cause order). For instance, he wants defendants to: "Provide with verifiable evidence when you and each of you herein named above concocted the false charges against the herein plaintiff." [doc. # 4, p. 6]. He also wants them to, "Provide with verifiable evidence that you and each of you did not conspire to cause me, the plaintiff herein monetary and mental damage and stress in which to ruin me and my family." *Id.* at 7. He includes many other, similar requests on later pages of the filing. *Id.* at 8-9, 12, 13, 14.

On approximately March 21, 2025, Plaintiff filed a second "Request for Summons and Order to Show Cause[,]" which, in addition to a motion, the Court construed as a third amended pleading. Like the March 11, 2025 motion/pleading, the filing is essentially a series of discovery requests.

As above, for relief in the instant proceeding Plaintiff appears to ask this Court to order the state court to enter default judgment in his favor.

## Law and Analysis

### 1. Preliminary Screening

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

3

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53

(5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Mandamus

Plaintiff asks this Court to order the state court to enter default judgment; Plaintiff, however, effectively seeks mandamus relief which this Court cannot grant.

"Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "Mandamus is an extraordinary remedy that should be granted only in the

clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987).

That said, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275; *see also Waddleton v. Blalock*, 277 F.3d 1374 (5th Cir. 2001) ("Title 28 U.S.C. § 1361 does not authorize this court to compel any officer or employee of the state of Texas to perform any duty."). "[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

Here, respondents are not "officer[s] or employee[s] of the United States or any agency thereof." The Court therefore lacks jurisdiction to grant Plaintiff's requested mandamus relief. *See Wheeler v. Mississippi State Parole Bd.*, 2021 WL 4977324, at *1 (5th Cir. Oct. 26, 2021) (opining, where a state prisoner sought mandamus relief under 28 U.S.C. § 1361, in the form of release from incarceration and claimed that state proceedings violated his due-process rights, that a "district court's mandamus authority does not extend to directing state officials in the performance of their duties and functions."); *Searcy v. Trochesset*, 2022 WL 3096849, at *3 (5th Cir. Aug. 3, 2022) (finding, where the petitioner made general requests for intervention in state court criminal proceedings, that the federal district court lacked the "power to direct state officials in the performance of their duties by way of injunctive relief.").[2]

The Court should dismiss Plaintiff's petition for mandamus relief with prejudice for lack

---

[2] *See also Gowan v. Keller*, 471 F. App'x 288, 289 (5th Cir. 2012) ("To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief.").

of subject matter jurisdiction but without prejudice "to refiling in a forum of competent jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

Of note, "Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies." *Johnson v. Russ*, 2021 WL 4768371, at *1 (5th Cir. Oct. 12, 2021). However, while "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed[,] . . . leave to amend is not required when an amendment would be futile." *Cledera*, 834 F. App'x at 972.

Here, further amendment would be futile considering this Court lacks jurisdiction to grant Plaintiff's requested mandamus relief. In addition, the legal theory on which Plaintiff's complaints rely is indisputably meritless;[3] thus, the Court need not hold a *Spears* hearing or offer Plaintiff a second questionnaire[4] "to bring into focus the factual and legal bases of" his claims. *See Eason v. Thaler*, 14 F.3d 8, n. 5 (5th Cir. 1994) (observing that a *Spears* hearing and a questionnaire are "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'") (quoted source omitted). Further, Plaintiff already amended twice without curing the lack of jurisdiction; the Court need not afford Plaintiff a third opportunity to amend before recommending dismissal of his claims. This Report and Recommendation provides Plaintiff notice of sua sponte

---

[3] *See Johnson v. Russ*, 2021 WL 4768371, at *1 (5th Cir. Oct. 12, 2021) ("Such notice and opportunity [to amend] are unnecessary, however, when . . . the legal theory upon which a complaint relies is indisputably meritless.") (internal quotation marks and quoted source omitted).

[4] Plaintiff filed his claims on the Court's standard form questionnaire.

dismissal and an opportunity to file any objections.[5]

**3. Default Judgment**

Even assuming *arguendo* that Plaintiff asks this Court to enter default judgment against defendants in *this* proceeding, the undersigned would recommend that the Court deny such a request. A default judgment is not warranted because the Court has not authorized service, and defendants therefore have no obligation or deadline to answer or defend. *See* FED. R. CIV. PRO. 55.

<u>Recommendation</u>

For reasons above, **IT IS RECOMMENDED** that Plaintiff Michael Charles Johnson, Jr.'s request for mandamus relief be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction but **WITHOUT PREJUDICE** to Plaintiff's right to re-file in a forum of competent jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[5] *See Whitaker v. McDonald*, 2022 WL 68972, at *3 (5th Cir. Jan. 6, 2022) ("[W]hitaker received notice from the magistrate's report of the defects in his complaint, and he was able to present written objections to the district court.") (citing *Day v. McDonough*, 547 U.S. 198, 210 (2006) (observing that, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions") (citations omitted)).

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 7th day of April, 2025.

Kayla Dye McClusky
United States Magistrate Judge